IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN K. CASEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-1434-W |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing through counsel, filed his complaint seeking judicial review by this Court of an administrative decision of the Commissioner of the Social Security Administration on October 26, 2004. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). On March 3, 2005, the undersigned entered an order directing Plaintiff to show cause on or before March 18, 2005, why this action should not be dismissed for failure to obtain service in accordance with Fed. R. Civ. P. 4(m). As of this date, the court file does not reflect any further action has been taken by Plaintiff to obtain service on Defendant nor has he shown good cause for such failure or requested additional time within which to serve Defendant.

Therefore, as more than 120 days have elapsed since the filing of the complaint without service being made upon Defendant, the complaint is subject to dismissal under Fed. R. Civ. P. 4(m). The Court's preliminary inquiry under Rule 4(m) is to determine if the Plaintiff has shown good cause for his failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Plaintiff has not demonstrated any cause,

much less good cause. Even though Plaintiff has failed to show good cause, the Court must still consider whether a permissive extension of time is warranted. *Id.* Considering the factors relevant to this determination, it is noted that the statute of limitations in 42 U.S.C. § 405(g) may bar Plaintiff from refiling the action. Nevertheless, under 20 C.F.R. § 404.982 (2001) Plaintiff may seek an extension of time from the Appeals Council to refile his cause of action, although he must show good cause for missing the filing deadline. Plaintiff has not attempted in over five months to complete and show proof of service of process upon the Defendant as required by Rule 4(i), nor does it appear that Defendant has attempted to evade service. Accordingly, in its discretion, the undersigned finds that a permissive extension of time to effect service of process is not warranted.

## RECOMMENDATION

For the forgoing reasons, it is recommended that the Plaintiff's complaint be dismissed without prejudice to refiling due to his failure to serve Defendant within the time limits prescribed by Fed. R. Civ. P. 4(m). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before the 19th day of April, 2004, in accordance with 28 U.S.C. §636, Fed. R. Civ. P. 72 and Local Civil Rule 72.1. Plaintiff is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both the factual and legal issues decided herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.

1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the above captioned matter.

ENTERED this 30th day of March, 2005.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE